1  DORON WEINBERG (SBN 46131)
   LAW OFFICES OF DORON WEINBERG
2  523 Octavia Street
   San Francisco, CA 94102
3  Telephone: (415) 431-3472
   Facsimile: (415) 552-2703
4  Email: doronweinberg@aol.com

5  Attorney for Defendant
   RICHARD W. NORTHCUTT

6

7                  UNITED STATES DISTRICT COURT

8             FOR THE EASTERN DISTRICT OF CALIFORNIA

9                     SACRAMENTO DIVISION

10 UNITED STATES OF AMERICA,          )    **CASE NO. 2:11-CR-00038 WBS**
                                       )
11         Plaintiff,                  )    **DEFENDANT RICHARD W.**
                                       )    **NORTHCUTT'S MOTION**
12         vs.                         )    **FOR EARLY TERMINATION OF**
                                       )    **SUPERVISED RELEASE;**
13 RICHARD W. NORTHCUTT, et. al.,      )    (~~PROPOSED~~) **ORDER**
                                       )
14         Defendants.                 )    DATE:      TBD
   _____ )    TIME:      TBD
15                                          JUDGE:     Hon. William B. Shubb
                                            COURT:     5, 14th Floor
16

17         Defendant Richard W. Northcutt hereby moves the Court, pursuant to 18 U.S.C.

18 § 3583(e)(1) and Federal Rule of Criminal Procedure 32.1(c)(2), for its Order discharging

19 defendant from Supervised Release and terminating proceedings in this matter.

20         The motion is made on the grounds that good cause therefore exists in that defendant

21 satisfies all the statutory criteria for such relief, as further set forth below.

22         Defendant's counsel has discussed this request with government counsel Andrew Mast,

23 Trial Counsel with the Department of Justice, Antitrust Division and with U.S. Probation Officer

24

25 _____
   Defendant Richard W. Northcutt's Motion for Early
26 Termination of Supervised Release; (Proposed)
   Order (Case No. 2:11-CR-00038 WBS)         1

Adrian Garcia. Mr. Mast authorized counsel to inform the Court that the government defers to

the judgment of the Probation Office in this matter, and does not oppose the granting of relief if

the Probation Office does not object.  Officer Garcia has authorized counsel to inform the Court

that the Probation Office supports defendant's request for relief because defendant has been fully

compliant with all the terms of his supervised release and has cooperated fully with his

supervision.

18 U.S.C. § 3583(e) provides that

> "The court may, after considering the factors set forth in section
> 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6),
> and (a)(7) –
>
> 1.  Terminate a term of supervised release and discharge the
>     defendant released at any time after the expiration of one
>     year of supervised release, pursuant to the provisions of the
>     Federal Rules of Criminal Procedure relating to the
>     modification of probation, if it is satisfied that such action
>     is warranted by the conduct of the defendant released and the
>     interest of justice. . . ."

Defendant Richard W. Northcutt entered his plea of guilty to violations of 15 U.S.C.

§ 1 and 18 U.S.C. § 1349 on February 4, 2011.  For reasons having to do with the prosecutions

against other defendants, defendant Northcutt was not sentenced until September 12, 2016.  In

the intervening five and-a-half years between his plea and his sentencing defendant was on

pretrial release and subject to supervision and monitoring, with which he was fully compliant. On

September 12, 2016 he was sentenced to a term of seven months imprisonment, to be followed

by 24 months of supervised release.  Additional conditions of his sentence included the payment

of a fine of $1,000,000 and restitution in the amount of $614,982.44.  Defendant was also

ordered to perform 300 hours of community service.

Defendant began serving his sentence in December 2016, was released to a half-way

house in May 2017 and began his supervised release on July 11, 2017. He has paid his fine and his restitution in full, and has completed over 300 hours of documented community work for a diversity of causes, including the American Cancer Society, the Children's Home, the San Joaquin County Community Center and the Women's Center of Stockton.

The factors set forth in 18 U.S.C. § 3553, which the Court is directed to consider in determining whether probation or supervised release should be terminated, support termination of Richard Northcutt's supervised release. The offense of conviction here, committed more than 9 years ago, is the only contact defendant has had with the criminal justice system. Both before and after this offense his conduct has been exemplary. He is dedicated to his family and his community, and has been an active supporter, both as volunteer and donor, for the Children's Home, the San Joaquin Hospice.

The nature and circumstances of his offense have been fully addressed by the sentence he received, and the punishment provides more than sufficient deterrence to others who might consider committing the same offense. He is fully rehabilitated, and the public requires no further protection from him.

As reflected in the legislative history (see S. Reps. No. 98-225 at 124 (1983)), the goal of supervised release is "to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period in prison for punishment or other purposes but still needs supervision and training programs after release." Neither of these purposes would be served by continuing Richard Northcutt on supervised release.

Federal Rule of Criminal Procedure 32.1(c)(2)(B) provides that a modification of the conditions of supervised release may be ordered without a hearing where the relief sought is

favorable to the person and does not extend the term of probation or of supervised release. In light of facts before the Court, and the absence of opposition by the government or the Probation Office, defendant respectfully requests that the order be issued without a hearing.

Dated: October 29, 2018                          Respectfully submitted,

LAW OFFICES OF DORON WEINBERG


/s/ Doron Weinberg
DORON WEINBERG

Attorney for Defendant
RICHARD W. NORTHCUTT


## ORDER

Good cause appearing, pursuant to 18 U.S.C. § 3583(e)(1), it is ordered that the supervised release of defendant Richard W. Northcutt is terminated and defendant is discharged in this matter.

Dated: October 30, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE